# Dailey *v.* Beck's Executors.

[MARCH, 1847.]

*It seems,* that a conveyance of a lot, on ground rent, described as "*bounded on the south by Beck street, to be laid open fifty feet wide, from Sixth street to Seventh street,*" created a covenant that the street should be opened of that width to give access to the lot; and that such covenant while it remained unbroken ran with the land.

But an action for a breach of such covenant could be maintained only by him who was the owner at the time of the breach, and not by a subsequent grantee.

THIS was an action of covenant brought by Michael Dailey and others, against the executors of Paul Beck, deceased, under the following circumstances.

On the first of November, 1796, Paul Beck and wife conveyed to Taylor & Black, a certain lot described in the deed as " bounded on the south by Beck street, to be laid open fifty feet wide, from Sixth street to Seventh street," reserving ground rent. The plaintiffs deduced their title regularly from Taylor & Black, and contended that the words in the deed amounted to a covenant on the part of Mr. Beck, to open Beck street, fifty feet wide, between Sixth and Seventh streets.

The defendants pleaded *non est factum, non infregit, &c.*

They also pleaded specially, that the breach of the covenant, if any, occurred before the seizin of the plaintiff; that the ground through which Beck street was to have been opened, had been permanently converted to other uses than those of a street.

They also pleaded a release from each of the parties successively seized of the premises, and the statute of limitations.

The case was argued on a demurrer to these pleas.

*Hare,* in support of the demurrer, cited 9 B. & C. 503; 17 Wendell 136; Dyer 337; 1 Maule & S. 355; 4 Maule

[ Dailey *v.* Beck's Executors. ]

& S. 53; 5 Taunton 418; 1 Smith's Leading Cases 82;
Peck 106; and Paige 359.

*E. Lewis* and *F. W. Hubbell,* contra:—7 Bing. 682; 3
B. & C. 332; 3 Camp. 514; 16 Wendell 531; 2 Whart.
123; Cromp. & Meeson 644; 11 Mass. 306; 16 Mass. 161;
16 Wend. 16.

Gibson, C. J.—The bent of my mind is, that the words
relied on, create a covenant, though I have no little doubt
on the subject.   They appear to have been intended for
more than description; for it seems to have been a sub-
stantial part of the contract, that the street should be opened
to give access to the lot, without which it would have been
of little value.   It is described as bounded on the south
" by Beck street, to be laid open fifty feet wide, from Sixth
to Seventh Street."   And the specification of the width
seems to be matter of stipulation rather than of description.
I am of opinion too, that this covenant while it remained
unbroken ran with the land, though it related not to any
thing to be done on the lot.   But it is admitted by the
pleadings, that it was broken in the time of the original
grantors, and long before the plaintiffs purchased the pro-
perty, and as there could, from the very nature of the co-
venant, be but one breach of it, there could be but one
satisfaction.   If there could be more, every succeeding day
would give a new cause of action, and subject the grantor
to interminable litigation.   It results, that the whole injury
was to be compensated in one action; and consequently
that it could be maintained only by him who was owner
at the time of the breach.

Demurrer to the fifth plea sustained, but the demurrers to
the other pleas overruled; and judgment for the defendant.*

* In *Bellinger* v. *The Union Burial Ground Society,* 10 Barr 135, the supreme
court determined that a sale of a lot by a plan, on which a public street is

laid out as one of the boundaries, and a conveyance describing it as a lot " on Washington street, as the same shall hereafter be opened—and bounded on the south by said Washington street," does not create a covenant, on which the grantors are liable; where the street was subsequently vacated by legislative authority, and the grantors entered upon and occupied the land over which it was laid out. Mr. Justice Coulter said—"the words must be understood to fix the terminus of the grant, and not a covenant that the public should keep the street open for ever—but even upon the concession of a covenant, it would seem that the defendants are discharged; the act alleged to be a disturbance or breach, is the act of the legislature, the sovereign power in the state—to whose acts, when within the pale of the constitution, all persons owe obedience as the law of the land."

An action for the breach of the building covenant in a ground rent deed, cannot be maintained by the assignee of the ground rent, which was assigned to him after the breach occurred. *Fisher* v. *Lewis,* 3 Penn. L. J. 81.